UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Kelvin A. Canada, | C/A No. 5:17-cv-02785-DCC |
| Plaintiff, | |
| vs. | ORDER |
| Bryan P. Stirling, Michael McCall, Joette Scarborough, Willie Davis, Andrea Thompson, Vaughn Jackson, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Complaint. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings. On February 13, 2018, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Plaintiff's claim regarding his damaged property be dismissed. ECF No. 34. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit

the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Report recommends that the Complaint be dismissed because Plaintiff has a adequate State court remedy in the South Carolina Tort Claims Act. *See Hudson v. Palmer*, 468 U.S. 533 (1984); *Mora v. City of Gaithersburg*, 519 F.3d 216, 230–31 (4th Cir. 2008). However, Plaintiff does not appear to object to this conclusion of the Report but instead objects to the fact that the Magistrate did not address his other claims. Accordingly, the Court reviews the portion of the Report concerning Plaintiff's claim that his property has been damaged for clear error. The Court finds that the Magistrate has correctly stated and applied the law with respect to this claim.

## **CONCLUSION**

Accordingly, the Court adopts the Report and Recommendation of the Magistrate Judge. Plaintiff's claim regarding the alleged destruction of his property is **DISMISSED** without prejudice. Plaintiff's other claims as set forth in his Complaint will proceed.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

May 9, 2018
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.