IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Kelvin A. Canada, | ) | Case No. 5:17-cv-02785-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Bryan P. Stirling, Michael McCall, | ) | |
| Joette Scarborough, Willie Davis, | ) | |
| Andrea Thompson, Vaughn Jackson, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's pleadings alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). Defendants filed a motion for summary judgment on July 18, 2018. ECF No. 63. Plaintiff filed a response. ECF No. 68. On December 17, 2018, the Magistrate Judge issued a Report recommending that the motion be granted. ECF No. 78. Plaintiff filed untimely objections that were, nevertheless, considered by the Court. ECF No. 83. The undersigned requested supplemental briefing with respect to the merits of Plaintiff's First Amendment claim that he was denied access to publications and recommitted the matter to the Magistrate Judge for a supplemental Report. ECF No. 89.

On June 26, 2019, Defendants filed a supplemental motion for summary judgment. ECF No. 99. Plaintiff filed a response, and Defendants filed a reply. ECF Nos. 105, 106. On October 2, 2019, the Magistrate Judge issued a supplemental Report recommending that the first and supplemental motions for summary judgment be granted. ECF No. 107. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff did not file objections to the Report, and the time to do so has lapsed.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

# **DISCUSSION**[1]

As an initial matter, Plaintiff has not objected to the Magistrate Judge's second Report which discussed the merits of Plaintiff's First Amendment claim that he has been denied access to publications. Plaintiff also does not object to the Magistrate Judge's analysis of the merits of his claim that Defendants violated his First Amendment rights by playing the Pledge of Allegiance and/or National Anthem over the loudspeaker multiple times a day. Further, Plaintiff does not object to the Magistrate Judge's recommendation that all claims be dismissed against Defendants in their official capacity pursuant to the Eleventh Amendment. Accordingly, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge. Thus, summary judgment is granted as to Plaintiff's First Amendment claims and all claims against Defendants in their official capacities.

With respect to Plaintiff's Eighth Amendment claims, the Magistrate Judge also recommended that summary judgment be granted because Plaintiff failed to exhaust his administrative remedies; in the alternative, the Magistrate Judge recommended that summary judgment be granted on the merits. Plaintiff filed objections to these recommendations.

---

[1] The Magistrate Judge provides a thorough recitation of the relevant facts and applicable law which the Court specifically incorporates by reference.

*Exhaustion of Administrative Remedies*

The Magistrate Judge recommended that Defendants' motion be granted because Plaintiff failed to exhaust his administrative remedies. She stated that Plaintiff failed to provide evidence that he complied with the prison grievance policies. Plaintiff objects and argues that he submitted several Requests to Staff Members ("RTSMs") and Step 1 grievances but was denied a Step 2 grievance to complete the grievance procedure. The Court has reviewed the record, the applicable law, and the Report de novo.

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997e(a) (1996)), mandates, among other things, that prisoners exhaust their administrative remedies prior to filing civil actions concerning prison conditions under Section 1983 or any other federal law. *See Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). "[T]he PLRA's exhaustion requirement is mandatory," *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

The PLRA requires "proper exhaustion" of available administrative remedies prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006). As the Supreme Court noted, "[a]ggrieved parties may prefer not to exhaust administrative remedies for a variety of reasons," whether it be concerns about efficiency or "bad faith." *Id.* at 89–90. This is especially true in a prison context. *Id*. at 90 n.1. Nevertheless, "[p]roper exhaustion

4

demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90–91.

"[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). Thus, an administrative remedy is considered unavailable when: (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "so opaque that it becomes, practically speaking, incapable of use"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2016).

It is undisputed that Plaintiff has not filed a Step 2 grievance related to any of his Eighth Amendment claims. However, in the provided copies of his submitted RTSMs and Step 1 grievances, Plaintiff states that staff will not respond to his RSTMs and requests a Step 2 grievance. The Court further notes that some grievances were returned as duplicative of other grievances which had not been processed because of an error by Plaintiff. *See* ECF No. 63-4 at 10 (grievance number KCI-1036-17 with a note that it is being returned because Plaintiff exceeded the number of grievances each inmate is permitted to file each month); 13 (grievance number KCI-1060-17 with a note that it is being "returned as duplicate to issues raised in KCI-1036-17"). While the Court is very mindful of the need for an orderly structure to ensure that inmate grievances are processed, in light of the record currently before the Court, it appears that the

5

administrative remedy was unavailable to Plaintiff. Thus, Defendants' motion for summary judgment is denied as to their argument that Plaintiff failed to exhaust administrative remedies.

***Merits of Eighth Amendment Claims***

Plaintiff makes two claims under the Eighth Amendment—that he was denied outdoor recreation and that he was only given shower shoes to wear. Defendants argue that Plaintiff has failed to demonstrate that he suffered significant physical or mental injury. The Magistrate Judge recommended that summary judgment be granted as to both claims, and Plaintiff objects.

While the Constitution "does not mandate comfortable prisons," "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). To state a claim that conditions of confinement violate constitutional requirements, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials. *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993).

To demonstrate that the conditions deprived him of a basic human need, Plaintiff must allege that officials failed to provide him with humane conditions of confinement, such as adequate food, clothing, shelter, and medical care, and reasonable measures to guarantee the safety of the inmates. *Farmer*, 511 U.S. at 832. With regard to the second prong, a prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk. *Id.* at 842–43.

With respect to Plaintiff's allegation that Defendants violated his Eighth Amendment rights by failing to provide other shoes for him to wear, the Court agrees with the recommendation of the Magistrate Judge. Plaintiff contends that he was forced to wear these shoes outside in inclement weather. He states that he suffered "wet feet" and "coldness." These adverse experiences are not sufficiently serious to rise to the level of a constitutional violation. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991) ("The Constitution . . . does not mandate comfortable prisons, and only those depravations denying the minimal civilized measures of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."). Accordingly, Defendants' motion is granted with respect to this claim.[2]

Likewise, Plaintiff's claim based on lack of recreation fails. The Fourth Circuit has held that "complete deprivation of exercise for an extended period of time violates Eighth Amendment prohibitions against cruel and unusual punishment." *Mitchell v. Rice*, 954 F.2d 187, 191 (4th Cir. 1992); *see also Lopez v. Smith*, 203 F.3d 1122, 1133 (9th Cir. 2000) (denial of all access to outdoor exercise for six-and-one-half weeks violated the Eighth Amendment); *Allen v. Sakai*, 48 F.3d 1082, 1087–88 (9th Cir. 1994) (allowing only 45 minutes of outdoor exercise in a six-week period violated the Eighth Amendment); *Anderson v. Colorado*, 887 F. Supp. 2d 1133,1139 (D. Colo. 2012) (holding that "denial of any opportunity to be outdoors and to engage in some form of outdoor exercise for a

---

[2] The Court also specifically adopts and incorporates the Magistrate Judge's discussion of Plaintiff's potential claim that he was denied a t-shirt. *See* ECF No. 78 at 11 n. 5.

period of 12 years is a serious deprivation of a human need"). Nevertheless, whether the denial of outdoor exercise constitutes a constitutional violation depends on "the totality of the circumstances." *Id.*

"[T]o sustain a § 1983 claim for lack of prison exercise in this Circuit, a plaintiff must produce evidence that he has sustained 'a serious or significant physical or emotional injury as a result.'" *Babatunde v. Ward*, No. CV 4:14-2223-RMG, 2016 WL 375045, at *6 (D.S.C. Jan. 29, 2016) (quoting *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993)). Here, while Plaintiff generally alleges that the conditions exacerbated his vitamin D deficiency and resulted in insomnia, stress, anxiety, and headaches, Plaintiff fails to offer evidence that he suffered any specific physical or emotional injury due to lack of outdoor recreation beyond his own conclusory allegations.[3] *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989) (holding that conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion). Accordingly, Defendants' motion for summary judgment is granted as to this claim.

---

[3] The Court recognizes that the Fourth Circuit has held that these types of injuries may support an Eighth Amendment claim. *See Rivera v. Mathena*, 795 F. App'x 169, 175 (4th Cir. 2019) (holding that the production of evidence that the plaintiff suffered emotional and mental deterioration, depression, low energy, difficulty sleeping, headaches, and loss of appetite is sufficient to support an Eighth Amendment claim); *Putney v. Likin*, 656 F. App'x 632, 635 (4th Cir. 2016) (unpublished) (remanding where an inmate alleged lack of sleep, confusion, headaches, and backaches to be considered along with the inmate's substantial risks of harm). Significantly, in the two cited Fourth Circuit cases, there were medical records to support the plaintiffs' claims. Here, Plaintiff has produced no such evidence.

Finally, even if a constitutional violation occurred, Defendants would be entitled to qualified immunity under the second prong of the qualified immunity analysis for claims made against them in their individual capacity in that there is no established law that clearly defines the conduct of Defendants, as alleged, as a violation of Plaintiff's constitutional rights. In sum, Defendants are entitled to grant of summary judgment regarding Plaintiff's Eighth Amendment claim.

## CONCLUSION

Based on the foregoing, the Court adopts in part and respectfully declines to adopt in part the recommendation [78] of the Magistrate Judge dated December 17, 2018, and adopts the recommendation [107] of the Magistrate Judge dated October 2, 2019. Defendants' motion for summary judgment [63] is **GRANTED in part** and **DENIED in part**. Defendants' supplemental motion for summary judgment [99] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 31, 2020
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.